| | |
|---|---|
| MARY ZAMORA RUBIO,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE LOVAN and ROBERT GOLD,<br><br>Defendants. | No. 2:19-cv-02025-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Presently before the Court is Plaintiff Mary Zamora Rubio's ("Plaintiff") Motion to Amend the Complaint. ECF No. 7. Plaintiff seeks to make the following changes to her Complaint: (1) change Defendant "Robert Gold" to "Roger Gold"; (2) add the California Department of Corrections and Rehabilitation ("CDCR") as an additional defendant; and (3) add supplemental state law claims for sexual assault and battery, negligent supervision, hiring, training, and retention, intentional infliction of emotional distress, and violations of the Unruh Act against all Defendants. Id. at 3. For the reasons set forth below, Plaintiff's Motion is GRANTED.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

**BACKGROUND**

Defendant Andre Lovan ("Lovan") was employed by CDCR as a parole agent and Defendant "Robert" Gold ("Gold") was Lovan's supervising parole agent. Compl., ECF No. 1, ¶¶ 3–4. Plaintiff alleges that between February and November 2017, Lovan sexually abused her while she was on parole and assigned to his supervision. Id. ¶ 8. According to Plaintiff, Lovan coerced and manipulated her to engage in sexual acts by threatening to violate Plaintiff's parole and send her back to prison. Id. ¶ 9. Lovan also told Plaintiff that "if anyone ever found out about what was happening things would go very badly for her." Id. ¶ 17. This continued until October 2017 when Plaintiff was re-assigned to a new parole agent, although Lovan continued to contact Plaintiff through November. Id. ¶ 16.

In May 2019, Plaintiff disclosed to her CDCR counselor what happened between her and Lovan, and the counselor told Plaintiff that she must report the information to the CDCR Parole Department. Id. ¶ 18. Plaintiff attempted to deliver a written statement to CDCR but an agent she believed to be Gold did not take it and instead told her not to talk with anyone and to call him if anyone approached her. Id. Plaintiff eventually learned that other women had also made complaints about Lovan's conduct as a parole agent and that there is an ongoing investigation against him. Id. ¶¶ 19–20.

In August 2019, Plaintiff contacted counsel and learned about the requirements of the California Government Tort Claims Act. Barron Decl., ECF No. 7, ¶ 4. On September 18, 2019, Plaintiff's counsel filed a Government Tort Claim with an attachment explaining that Plaintiff delayed in filing a claim because of Lovan's threats. Id. Plaintiff never received a response on her claim during or after the 45-day response period. Id. To preserve her federal claims, Plaintiff filed her original complaint against Lovan and Gold on October 7, 2019, alleging one cause of action pursuant to 42 U.S.C. § 1983. Id. ¶ 5; Compl., ECF No. 1, ¶¶ 21–26. The Court issued a Pretrial Scheduling Order ("PTSO") on November 7, 2019. ECF No. 6. On December 10, 2019, Plaintiff,

through use of a process server, attempted to serve Lovan but he was not at home. Barron Decl., ECF No. 7, ¶ 6. The process server also attempted to serve Gold the same day at the CDCR Parole Office, but Gold refused service because his name was incorrectly listed as "Robert" rather than "Roger" Gold. Id.

**ANALYSIS**

### A. Leave to Add New Defendant and Claims

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[2] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once a PTSO is filed pursuant to Rule 16, "that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which primarily considers the "diligence of the party seeking amendment." Id. at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by noting the prejudice to other parties. Id.

If good cause is found, the court must then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, or (4) is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed.

---

[2] All further reference to "Rule" or "Rules" is to the Federal Rules of Civil Procedure, unless noted otherwise.

3

Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

Regarding Plaintiff's requests to add CDCR as a defendant and additional state law claims, the Court finds that Plaintiff has exercised the requisite diligence by seeking leave to amend after attempting to serve Defendants and when she received no timely response on her Government Tort Claim. Because Plaintiff filed a Government Tort Claim, CDCR and Defendants were put on notice of the pending action. Moreover, there is no evidence of risk of prejudice to Defendants, as the proposed state law causes of action arise from the same conduct alleged in the original complaint, i.e., Lovan's sexual abuse and threats against Plaintiff. Accordingly, the Court finds good cause exists and GRANTS Plaintiff's request to add CDCR as a defendant and add supplemental state law claims.[3]

### B. Leave to Change Name of Defendant

A party may amend the complaint to change the name of a party against whom a claim is asserted if the following requirements are satisfied: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"; (2) "within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) also within the same period, the party to be brought in by amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)–(C).

Regarding Plaintiff's request to correct Gold's first name from "Robert" to "Roger," Plaintiff's process server attempted to serve Gold within 90 days of the filing of the

---

[3] Regarding futility of amendment, Plaintiff notes the filing of her Government Tort Claim falls outside the one-year filing period but contends that Defendants are estopped from raising a statute of limitations defense. See Mot. Amend, ECF No. 7, 8–11. At this early juncture, the Court is unwilling to reject Plaintiff's proposed claims on the merits.

4

complaint, but he refused service because his first name was incorrect. Barron Decl., ECF No. 7, ¶ 6. As a result, Gold received notice of the pending action and knew the action was being brought against him even though his first name was incorrectly listed on the summons and complaint. Also, the allegations against Gold arise out of the same conduct alleged in the original pleading, i.e., Lovan's sexual abuse and threats against Plaintiff and Gold's role as Lovan's supervising parole agent. Therefore, because all of the requirements of Rule 15(c) are satisfied, the Court GRANTS Plaintiff's request to change the name of Defendant "Robert" Gold to "Roger" Gold.

**CONCLUSION**

Plaintiff's Motion to Amend the Complaint, ECF No. 7, is GRANTED. Plaintiff shall file her First Amended Complaint not later than fifteen (15) days following the date this Order is electronically filed.

IT IS SO ORDERED.

Dated: April 7, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE